IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUGUSTE DAMIAN, §<br>#A022624859, §<br>　　　　Petitioner, §<br>　　　　　　　　　　§<br>v. §<br>　　　　　　　　　　§<br>WARDEN, et al., §<br>　　　　Respondents. § | No. 3:22-cv-01309-M (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

　　　　Petitioner Auguste Damian, a native and citizen of St. Lucia, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from detention by the U.S. Immigration and Customs Enforcement (ICE) pending his removal from this country. At the time he filed this action, Damian was detained at the Prairieland Detention Center in Alvarado, Texas. As of the date of this recommendation, Damian is no longer in ICE custody, and he has not filed a notice of address change. For the following reasons, the Court should dismiss the petition as moot.

I.

　　　　Damian became a lawful permanent resident of the United States on or about July 13, 1979. App. 4 (ECF No. 7). In 2005, he was convicted of aggravated assault of a child under 14 in Harris County, Texas, and sentenced to 20 years' imprisonment. *Id.* 4, 9-15. While he was in state custody, Damian was placed in immigration proceedings, and on December

1

14, 2016, an immigration judge ordered him removed. *Id.* 4. The Board of Immigration Appeals denied his appeal, making him subject to a final order of removal. *Id.* He was transferred into ICE custody on February 3, 2021, following his release from state custody. *Id.* Thereafter, ICE Enforcement and Removal Operations (ERO) began working to obtain a travel document from the consulate in St. Lucia. *Id.* 4-7.

On June 16, 2022, Damian brought this action challenging his prolonged detention. He contends that his custody violates the Immigration and Nationality Act and his substantive due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001), as well as his procedural due process rights.[1]

---

[1] Under 8 U.S.C. § 1231(a)(1)(A), the government has a 90-day period within which to remove aliens who have been ordered removed. The statute provides that, during that time, aliens ordered removed are to be detained. *Id.* § 1231(a)(2). Under the Supreme Court's decision in *Zadvydas*, an alien may file a § 2241 petition if, after six months from the date the removal order became final, he is still detained. 533 U.S. at 701. When an alien is removable under 8 U.S.C. § 1227(a)(2), he may be detained beyond the 90-day period of removal for the time necessary to execute the removal. 8 U.S.C. § 1231(a)(6) (recognizing aliens who have been convicted of an aggravated felony "may be detained beyond the removal period"); *see also Zadvydas*, 533 U.S. at 682.
  In *Zadvydas*, the Supreme Court held that § 1231(a)(6)—"read in light of the Constitution's demands"—"limits an alien's post-removal-detention period to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. Notably, it "does not permit indefinite detention." *Id.* Moreover, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The Court in *Zadvydas* found that six months constituted a presumptively reasonable period of time for post-order detention. *Id.* at 701. In this case, the government conceded that Damian was "cumulatively" in post-order detention for more than six months. Resp. 5 (ECF No. 6).

Pet. 5-11 (ECF No. 3). Damian argues that Respondents have not shown a travel document will be issued, or that his removal is significantly likely, and for these reasons, they have failed to rebut his claims that his removal is not likely under the *Zadvydas* burden-shifting analysis. Reply 4 (ECF No. 8).

On August 3, 2022, the consulate communicated to the government that it has all the information it needs regarding Damian, and the delay in issuing his travel document was due to changes in government leadership. App. 7 (ECF No. 7). Thus, the government expected Damian's removal to St. Lucia was significantly likely to occur in the reasonably foreseeable future. *Id.*

A recent search of ICE's Online Detainee Locator System indicates that Damian is not currently in ICE custody. *See* https://locator.ice.gov/odls/#/results (last visited May 3, 2023).

II.

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U. S. 9, 12 (1992) (citing *Mills v. Green*, 159 U. S. 651, 653 (1895)); *United States v. Jackson*, 771 F. 3d 900, 903 (5th Cir. 2014). Here, the only relief Damian sought by his petition was release from custody pending his removal. But Damian is not currently in ICE custody. Whether he has been released on supervision or removed from the United States, it appears that

3

he received all of the relief that he sought. Thus, his § 2241 petition is moot and should be dismissed. *See Morales-Morales v. Barr,* 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot."); *Diaz v. NFN NLN,* 2022 WL 1096579, at *1 (N.D. Tex. Mar. 25, 2022), *rec. adopted,* 2022 WL 1092944 (N.D. Tex. Apr. 12, 2022) (Lynn, J.) (petitioner's removal to Mexico rendered his petition moot); *see also Ali v. McAleenan,* 2020 WL 1815793, at *2 (N.D. Tex. Mar. 23, 2020) (petitioner's release from ICE custody under an order of supervision pending his removal rendered his petition moot), *rec. adopted,* 2020 WL 1808628 (N.D. Tex. Apr. 9, 2020) (Boyle, J.).

### III.

The Court should dismiss Damian's petition as moot.

SIGNED May 3, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).